# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| TRACEY L. SALTER, II | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-00257-JMS-MJD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

For the reasons explained in this Entry, petitioner Tracey Salter's petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice because it was filed outside the statute of limitations. In addition, the Court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

The petitioner is a state prisoner currently incarcerated at the Wabash Valley Correctional Facility who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 10, 2015, he pled guilty to unlawful possession of a firearm by a serious violent felon, escape, and resisting law enforcement and is currently serving a nine-year sentence for these crimes. He did not file an appeal.

The petitioner filed a petition for post-conviction relief on June 20, 2016. The State filed a motion to dismiss his petition which the trial court granted on December 22, 2016. The petitioner did not appeal.

On June 5, 2017, the petitioner filed a petition for a writ of habeas corpus in this Court, challenging his habitual offender enhancement.

The petitioner asserts various challenges to his state-court convictions. The respondent argues that the petition must be denied because it is untimely. The Court agrees with the respondent that this action is untimely, and thus the petition for a writ of habeas corpus must be dismissed with prejudice.

## II. Discussion

The petitioner raises four issues in his petition for a writ of habeas corpus:

12. GROUND ONE: *I will pay for freedom*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *I got money, I have alot of customers that need me, and I also have success with business. Put me on a payment plan, release me immediatly, and I will pay yal money every two weeks. And also assist in righteous movements, and also share knowledge.*

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

☐ Yes ☑ No

GROUND TWO: *I have two little daughters that need me with them.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *They are little girls who don't trust and like everybody, and they need their father in their life, which is me! I'm their dad and a good Dad. They need me. So for their sake and mines let me out, Immediatly!*

GROUND THREE: I'm a real one / righteous man

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): I put people on, and they feed their families and I help people get money. And I take care of my kids. And I'm a righteous man. I don't hate on other people, and I don't do wrong.

GROUND FOUR: I need to get out this bitch and maybe go to college.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): I need more knowledge and facts.

The respondent argues that the petition must be denied because it is untimely and the claims raised are procedurally defaulted. Because the petition is barred by the statute of limitations, the Court need not address whether the petitioner's claims are also procedurally defaulted.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Here, the judgment became final on July 10, 2015, when the petitioner was sentenced. He had thirty days, or until Monday, August 10, 2015, to file a notice of appeal. He did not file a

notice of appeal, so his one-year clock for purposes of 28 U.S.C. § 2244(d)(2) began to run on August 11, 2015.

Three hundred and fourteen (314) days later, the petitioner filed a petition for post-conviction relief on June 20, 2016. His one-year clock was tolled until December 22, 2016, when his petition was dismissed by the trial court.

With the days remaining on the 365 day clock, the petitioner had until February 13, 2017, to seek federal habeas relief. 28 U.S.C. § 2244(d)(2); *see Socha v. Boughton*, 763 F.3d 674, 681 (7th Cir. 2014). However, the petitioner did not file this action until June 5, 2017. By then, his statute of limitations had already passed. All told, 478 days passed between when the petitioner's sentence was final and when the petitioner filed his petition for writ of habeas corpus, excluding the time his post-conviction relief petition was pending.

In sum, the petitioner's one-year statute of limitations ran on February 13, 2017. He did not file the instant petition for habeas corpus until June 5, 2017. Moreover, the petitioner does not contend that he is entitled to equitable tolling. Therefore, the petitioner's petition for a writ of habeas corpus must be **dismissed with prejudice**. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam).

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied with prejudice.

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/1/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TRACEY L. SALTER, II
208025
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov